BAILEY, agent, *vs.* BAZEMORE *et al.*

1. A power conferred by the legislature upon county commissioners to establish, alter or abolish private ways, does not include the power to remove obstructions therefrom.
2. The commissioners of roads and revenues of Monroe county have no jurisdiction to remove obstructions from private ways; such jurisdiction remains in the ordinary.

Jurisdiction. Laws. County matters. Roads and bridges. Before Judge LAWSON. Monroe Superior Court. August Term, 1880.

Bazemore *et al.* petitioned the county commissioners of Monroe county to cause obstructions placed upon a private way by Bailey, agent, to be removed. On the hearing, the petition was sustained, and the defendant ordered to remove the obstructions. He petitioned for a *certiorari*, one ground being want of jurisdiction in the commissioners. The petition was overruled, and he excepted.

STONE & TURNER, for plaintiff in error.

HUNT & JACOB; BERNER & TURNER, for defendants.

JACKSON, Chief Justice.

In the view we entertain of this case, it is unnecessary to consider but one of the points made by the record; for if the commissioners of roads and revenues for Monroe county had no jurisdiction to remove the obstructions placed in this private way, their judgment in the case must fall, and the court below should have sustained the *certiorari* which invoked the interposition of the superior court to set aside the judgment of the county commissioners ordering the removal of the obstructions.

In Cobb's Digest, page 955, will be found the act of 1834, which granted to the inferior courts the right to grant private ways, and the fourth section of that act provides that a violation of it by "obstructing" any road or way so granted shall be punished by indictment and fine in the superior courts. And there the jurisdiction seems to have rested until the act of 1872 vested the jurisdiction to remove the obstructions in the ordinaries of the several counties of the state. Acts of 1872, p. 6; Code, §§738, 739.

Has this jurisdiction been given exclusively or concurrently to the commissioners of roads and revenues for Monroe county?

We are not aware of any act of the general assembly which has done so, and if there be none, the jurisdiction remains in the ordinary of Monroe county. The act which created the commissioners of roads and revenues for that county does not confer this power. That act vests in those commissioners authority to establish, alter and abolish private ways, but not to remove obstructions thereto. Acts of 1872, p. 445.

Nor does the section which vests in the commissioners the same powers which the inferior courts possessed confer this power; for as we have seen in Cobb's Digest,.

*supra,* while the inferior courts could grant the private ways, they had no jurisdiction to remove obstructions therein, but the party obstructing them was liable to be indicted and fined in the superior courts.

Nor does the act of 1877—Acts of 1877, p.— help the matter.

That act is simply to. the effect that if county' enactments—private laws for different counties—have given jurisdiction of this subject to other tribunals, the conferring such jurisdiction should not divest the ordinaries of theirs in such counties, but they should still retain concurrent jurisdiction. We have seen that in Monroe county no such jurisdiction is vested in these commissioners; therefore this county and this case are without the operation of the act of 1877.

Therefore we think that these commissioners had no jurisdiction to hear and determine this case; that their judgment is void, and that the court erred in not sustaining the *certiorari* and vacating the judgment as void for want of jurisdiction in the court which awarded it.

Judgment reversed.