## GRIFFIN *et al. v.* SANBORN *et al.*

ATKINSON, J.  1. The act of August 15, 1904 (Acts 1904, p. 252), conferring upon the county board of commissioners of Decatur county "all the powers and duties of the ordinary of Decatur county, so far as the same relate to roads, bridges, ferries," did not confer upon such commissioners jurisdiction to remove obstructions from private ways. See, in this connection, *Bailey* v. *Bazemore,* 66 *Ga.* 537; *Fortson* v. *Mattox,* 67 *Ga.* 282.

2. The word "road," in its popular sense, is a generic term including overland ways of every character, but it has no fixed meaning in the law, the scope to be given it depending upon the context in which it appears. *Southern Ry. Co.* v. *Combs,* 124 *Ga.* 1006.

3. The act of 1872, embraced in the Political Code, § 679, prescribing a method of removing obstructions from private ways by petition to the ordinary of the county within which the private way is located, is a general law having uniform operation throughout the State, and is not subject to repeal or modification by a special or local law.

4. The courts will not impute to the lawmaking power an intention to violate the constitution; and when the words of a statute are equivocal in meaning, that interpretation will be placed upon them which will make it conform to the terms of the constitution. Applying this rule

in the present case, the word "roads," in the act of 1904, supra, will be interpreted not to include a private way.

*Judgment affirmed. All the Justices concur.*

Submitted June 20,—Decided November 16, 1906.

Petition for injunction. Before Judge Spence. Decatur superior court. January 4, 1906.

*Longley & Wilson,* for plaintiffs.

*Russell & Hawes,* for defendants.