### 2881. HUTCHINSON *v.* THE STATE.

1. In any case in which the inquiry is material the method in which a public road was established—whether by legislative enactment, by order of the county authorities, by prescription, or by dedication,—must be shown. Where a witness, without objection, testifies that a certain road is a public road, and no effort is made to test the sources of his information or question his statement that the road in question is in fact a public road, it must be assumed that more specific and definite proof of the fact that the road is lawfully a public road was waived. An opinionative statement of a witness, even though it be a conclusion unsupported by such facts as are necessary to constitute a road a public road, where no objection is urged thereto upon the trial, can not be challenged for the first time upon review, as incompetent and insufficient.
2. A conviction of being intoxicated upon a public highway is not supported by proof that the defendant was intoxicated at a store within 15 or 30 feet of the public road.

DECIDED JANUARY 31, 1911.

Accusation of misdemeanor; from city court of Douglas—Judge Lankford. July 11, 1910.

*O'Steen & Wallace,* for plaintiff in error.          •

*Lawson Kelly, solicitor,* contra.

RUSSELL, J. The defendant was found guilty of being intoxicated on a public highway, under the provisions of the act of 1905 (Acts 1905, p. 114). Two points are raised by the record.

1. Upon the trial there was oral testimony to the effect that the

road leading from Nichols to Broxton, in Coffee county, was a public road. No objection was offered as to the competency of this testimony. In the motion for new trial, for the first time, it is insisted that the testimony offered upon the trial, to the effect that the road under investigation was a public road, was incompetent for that purpose. As we pointed out in *Johnson* v. *State,* 1 *Ga. App.* 195, there are various ways in which a public road can be established; and if, in any case, the fact that the road is a public road is questioned, the proof must show that such road is in fact a public highway. Nevertheless, in the absence of any objection at the time of the trial, to the competency of the testimony, and no question being then raised as to the statement, we think that the statement that a named road is a public road is sufficient to prove that fact. Where a witness testifies upon direct examination that a road is a public road, the accuracy of his statement may be tested upon cross-examination, and if it then develops that his statement is a mere conclusion, his prior statement should be withdrawn from the jury. But while public roads can only be created in certain designated ways, and a road which does not become a public highway in one of the ways recognized by law is not "a public road," still the fact that some roads are public roads may rest entirely on parol. As to roads which are created by prescription or dedication, for instance, no writing may ever have been executed; the title of the public in the road may rest wholly on the acts and sayings of the donor in case of dedication, or on the length of time which a road has been worked and maintained by the proper authorities and used by the public in the case of prescription. It frequently occurs, in legal investigation, that the statements of witnesses are accepted as satisfactory proof of facts as to which there may be higher and better evidence. In the absence of an inquiry in regard to this, the statement of the witness is sufficient. In any such case the point can be raised by cross-examination, and if in any case it appears that the statement of the witness is merely opinionative, and that the conclusion which he has given as if it was a substantive fact is not legally supported, the court should withdraw the testimony which has been elicited upon this point from the consideration of the jury, and require proper proof of the fact necessary to be established. An objection to the competency of testimony which would be sufficient if it were not incompetent can not, however, be raised

for the first time upon review. As the judge, and not the jury, passes upon the competency of testimony (the jury judging only its sufficiency), if testimony which may be incompetent is permitted to go to the jury without challenge, it must be assumed that the question of competency is waived, and that the question of sufficiency is the only one which can thereafter be raised. If the statement of the witnesses in this case, that the road on which it is alleged in the indictment that the defendant was intoxicated was a public road, was a mere conclusion, it was in the power of the defendant at the trial to develop that fact, and to require the witnesses to give the facts upon which they based their conclusions; and if it appeared that the facts necessary to support the conclusion depended upon evidence of a higher order than the oral statements of the witnesses (such as an order of the proper county authorities), and this was not produced, the objection should have been sustained. As a reviewing court we can not say whether this testimony was incompetent or not, for it may be that the witnesses who testified that the road from Nichols to Broxton was a public road knew that the road had been used and worked by the public for more than 20 years, but it is certain that the defendant waived inquiry into the sources or the character of their information, and thereby waived any objection to the method by which the fact that the road was public was proved.

2. The judge charged the jury that "if you find in this case that the defendant appeared in an intoxicated condition on a porch or shed of a store, and find that this shed or porch was within 15 to 30 feet of a public road, and further find that he made his intoxicated condition manifest by boisterousness, and by being in indecent conditions and acting, and by vulgar, profane, and unbecoming language, and by loud and violent discourse, and you further find that there is no obstruction between the store shed and public road, and find that a person in that public road could have observed him in such intoxicated condition and could have heard the language then used, then he would be guilty, and you should so find; for this would be on a public highway, as contemplated by the law." We think the learned trial judge erred in this charge. Criminal statutes are to be strictly construed. It may be that the legislature considered the fact that any person who is in view and hearing of an intoxicated person who is acting indecently might be

annoyed thereby and is entitled to be protected therefrom. But in passing the act of 1905 (Acts 1905, p. 114) which penalizes drunkenness on public streets or highways and within the curtilage of private dwellings and upon steamboats, the lawmakers expressly restricted its operation so as to exclude any such construction. This act should perhaps have been extended so as to cover other instances where drunkenness would be just as offensive to decency and good morals, but it did not do so, and it is impossible for the law to be so stretched by judicial construction as to include one who is drunk merely because he is on the side of a public road. One difficulty in doing so consists in the fact that it would be hard judicially to prescribe the exact distance on either side of a public road to which the offense should be extended. The existence of the offense would depend upon quite a variety of circumstances. In the present case the judge told the jury that if the accused was drunk and manifesting it by indecent conduct in from 15 to 30 feet of the public road, he would be guilty; yet there might be a case where another person, having a stronger voice or otherwise better facilities for acting indecently, might in his conduct be much more offensive to the public morals, and yet be 150 feet from the public road. Therefore, to construe the act as the judge did would be to amend the act so as to make it similar to the statute which prohibits the discharge of firearms on a public highway, or within 50 yards thereof, between dark and daylight. The power of the court to construe the language of the legislature according to its spirit rather than to the letter has often been very liberally exercised, and wisely so, in behalf of the liberty of the citizen. But the courts can not amend an act of the General Assembly, even if there is good reason for the amendment, so as to interpolate even the most healthful regulation, if thereby an act theretofore not unlawful is made penal. The act of 1905, which the defendant in this case was charged with violating, declares it to "be unlawful for any person or persons to be and appear in an intoxicated condition *on* any public street or highway," etc. We are of the opinion that this language is unambiguous, and that the words "on the public highway" do not include *near* the public highway. We are aware that there is a line of decisions in which the word "on" is held to be synonymous with near or contiguous. See Words and Phrases, Vol. 6, p. 4961-4963. We have taken the pains to examine several cases

upon this subject. Every case we have been able to find in which the word "on" is.construed to mean near to, adjacent, or contiguous, however, was a civil case; and of course a far greater liberality of construction is allowable in such cases than where a criminal statute is to be construed. We have been unable to find any case where a statute making it a crime to do an act at a specified time or at a definite place has been construed to include an act done near the forbidden time or place, unless the locality.included by implication was in some way necessarily connected with the locality in which the act was forbidden. The store, porch, or shed in this case was not only not a part of the road, but was not in any way necessary to the road or its use. We think the judge erred in his charge, and that a new trial should be had. *Judgment reversed.*