### 15096. BUGG, receiver, *v.* COOK.

There being positive testimony, admitted without objection and uncontradicted, that the railroad-crossing on which the collision in question occurred was on a public highway, the verdict in favor of the plaintiff will not be set aside because of failure to prove the manner of the establishment of the highway as a public highway.

The court did not err in refusing to give the requested instructions to the jury as to what those in charge of a railroad-train approaching a crossing are not required to do on observing a vehicle approaching the railroad-track.

The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

DECIDED APRIL 19, 1924.

Action for damages; from Glynn superior court—Judge Highsmith. September 25, 1923.

This was the suit of a minor by her next friend for personal injuries from a collision at a public-road crossing, where an electric-car of the Atlanta, Birmingham & Atlantic Railway Company,

operated by the defendant as receiver, struck a motor-truck occupied by the plaintiff and driven by her father. The petition alleges negligence on the part of the defendant in failing to comply with the "blow-post law." The evidence is in direct conflict as to whether the whistle of the railway-car was blown as required by law on approach to the crossing. The evidence is undisputed that, shortly before reaching the crossing, the driver of the truck, which was heavily loaded, slowed down its speed, the operator of the railway-car testifying that he supposed this was done in response to his signals, and supposed that the truck would stop before reaching the track. The driver of the truck testified that in approaching the crossing he was compelled to put the car in low gear, in order to pull through the sand near the track; that on approaching to within about fifteen feet of the crossing he looked both ways for the approach of trains, and, observing none, proceeded to cross; that while the truck was on the track two blasts of the whistle were sounded for the first time, and that, despite his efforts to get across the track, the truck was struck by the car, which on account of its high rate of speed traveled eighteen rail lengths down the track before it could be brought to a stop. The jury found for the plaintiff. In the defendant's motion for a new trial error is assigned upon the refusal of the court to charge the jury as follows: "The servants, agents, or employees of a railway company, in charge of the operation of one of its trains, in approaching a road crossing, are not required by the law to stop the train merely upon observing a vehicle approaching the railroad-track, but such servants and employees may lawfully assume that such vehicle will stop before it reaches a place of danger, until the contrary appears; and such servants and employees are not required to stop the train unless the circumstances are such as to indicate to an ordinarily prudent person that such vehicle is in, or about to get into, a place of danger." Error is assigned also upon the refusal to give requested instructions of similar import but which were more specific as to the particular facts involved.

Conyers & Wilcox, for plaintiff in error.

Isaac & Isaac, J. T. Colson, contra.

JENKINS, P. J. (After stating the facts.)  1.  The evidence, though in conflict, was sufficient to authorize the verdict. There was positive evidence that the crossing was on a public road. De-

fendant did not rebut this testimony by evidence to the contrary. While one of the burdens resting upon the plaintiff in a case of this sort is to prove that the crossing was on a public highway, yet there being positive evidence to this effect which was uncontroverted by other testimony, and to the introduction of which no objection was taken, the verdict will not be set aside because of failure to prove the manner and method of the establishment of the public highway as such. *Hutchinson* v. *State,* 8 *Ga. App.* 684 (1) (70 S. E. 352).

2. Under the present "blow-post law" (Ga. L. 1918, p. 212, 8 Park's Code Supp. (1922), § 2677 et seq.) it is the duty of railway companies to establish blow-posts for public crossings as therein provided, and when the engineer in charge of a train reaches such a blow-post with his locomotive he is required (except in incorporated towns and cities) to blow "two long and two short blasts at intervals of five seconds between each blast; said blasts to be loud and distinct. In addition thereto, after reaching the blow-post furthest removed from said crossing, and while approaching said crossing, he shall keep and maintain a constant and vigilant lookout along the track ahead of said engine, and shall otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which may be on such crossing, or upon the line of said railway at any point within fifty feet of such crossing." A failure to observe the specific duty imposed with reference to giving the signals indicated amounts to negligence per se (*Louisville & N. R. Co.* v. *Faust,* 30 *Ga. App.* 310, 117 S. E. 761 (2)); besides which the engineer is required to exercise "due care" in order to avoid accident in approaching the crossing. While the standard of diligence required of the railway company is thus invariable (*Central R. Co.* v. *Ryles,* 84 *Ga.* 420, 11 S. E. 499; *Cen. of Ga. Ry. Co.* v. *Hartley,* 25 *Ga. App.* 110 (6), 103 S. E. 259), what constitutes due care or a lack of it in any particular case, except as relating to acts constituting negligence per se, lies peculiarly within the province of the jury, for them to determine in the light of all the surrounding facts and circumstances. *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (1) (109 S. E. 518). It is even true that "language used by the Supreme Court in deciding a case before it, especially where used in discussing the facts of such case, is often inappropriate

for use by the judge of a trial court in charging the jury." *Atlanta R. Co.* v. *Hudson,* 123 *Ga.* 108 (2) (51 S. E. 29) ; *Ga. Ry. & Power Co.* v. *Shaw,* 25 *Ga. App.* 146 (1 a) (102 S. E. 904). Moreover, since in the instant case, the evidence for the plaintiff was to the effect that the defendant had failed to give the signals required by law, to have given the requested instructions without qualification would have had the effect of assuming, in the face of the plaintiff's evidence to the contrary, that the engineer had not violated his own duty to sound the signals, since one who is "grossly negligent himself has no right to count on due diligence by others." See *Davis* v. *Whitcomb,* 30 *Ga. App.* 499 (118 S. E. 488 (8, 9)).

*Judgment affirmed. Stephens, J., concurs. Bell, J., disqualified.*