## 15655.  WELLS *v.* STATE OF GEORGIA.

JENKINS, P. J.  The act prohibiting the transportation of intoxicating liquors, and subjecting to confiscation "vehicles and conveyances" thus used, applies in terms to such use "on any of the public roads or private ways of this State."  Park's Code Supp. 1917, § 448 (oooo). While it is not vital, therefore, for the State in a confiscation proceeding to show such use of an automobile on a public road, or on its own motion to prove the manner and method of the establishment of the "public road" or "private way" (see *Bugg* v. *Cook*, 32 *Ga. App.* 116, 122 S. E. 714 (1)), still it is necessary for the State to show that the road in question constituted either a public highway or a private way wherein an easement or right over land existed for the use of one or more persons distinct from the owner.  3 Bouvier's Law Dict. 2714; 3 Words & Phrases (N. S.) 1205.  A private individual road over one's own premises is not the same as a "private *way*" as recognized by the code (see Civil Code of 1910, § 807 et seq.) ; and proof merely that liquor was transported over "a road" does not bring the case within the purview of the statute.  The petition of the State in the instant case alleged that the automobile was used in transporting liquor along a public highway; and while no exception is taken to any variance between the pleadings and proof as offered, the testimony of the State's witness (admitted over objection which went merely to the effect that it did not show a compliance with the statute), that the liquor was hauled "west to the top of the mountain in a road which went to the top," not only

failed to show that it was a public highway, but failed to show that it was a private way within the meaning of the statute. For this reason alone the verdict was without evidence to support it.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 11, 1925.

Confiscation; from Dade superior court—Judge Tarver. April 5, 1924.

*B. T. Brock, McClure, Hale & McClure,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.