15853. ATLANTIC COAST LINE RAILROAD CO. *v.* BRADSHAW.

STEPHENS, J. 1. No law of this State imposes upon a railroad engineer an absolute duty to have his engine under such control, when approaching a crossing, that he can bring it to a stop in order to avoid injury to any person at the crossing. No such absolute duty is placed upon him by the provision in the act approved August 19, 1918 (Ga. L. 1918, p. 212; 8 Park's Code Supp. (1922), § 2677 et seq.), that a railroad engineer "shall otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which may be on such crossing." Under the statute it is a jury question whether due care under the circumstances will require the engineer, when approaching a crossing, to have his engine under such control that he can bring it to a stop, if necessary, in order to avoid injury to a person at the crossing.

2. In a suit to recover of a railroad company for damage alleged to have been caused at a public crossing, it was error for the court to instruct the jury that "our statutes require railroad engineers to have their engines under such control that they can stop at such crossings when necessary in time to prevent injury."

3. In such a suit evidence to the effect that a highway which crosses a railroad is maintained by the public and is used by the people generally in crossing the railroad authorizes an inference of fact that the highway is a public crossing. *Atkinson* v. *Fountain,* 10 *Ga. App.* 307 (73 S. E. 534); *Bugg* v. *Cook,* 32 *Ga. App.* 116 (122 S. E. 714). The act of 1918, supra, relative to the duty of engineers at public crossings, was adapted to the evidence and was properly given in charge.

4. Applying the ruling in *Southern Ry. Co.* v. *Nichols,* 135 *Ga.* 11 (4)

(68 S. E. 789), the court did not err as complained of in the fourth ground of the motion for a new trial.

5. The petition as amended set out a cause of action and was not subject to the demurrer.

*Judgment reversed.　Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 11, 1925.

Damages; from city court of Tifton—Judge J. H. Price. July 25, 1924.

*W. B. Bennet, Bennet & Branch,* for plaintiff in error.

*J. S. Ridgdill, C. A. Christian,* contra.