## 32229. BARKER *v.* LIFE & CASUALTY INSURANCE CO. OF TENNESSEE.

Decided November 20, 1948. Rehearing denied December 9, 1948.

*Roy B. Rhodenhiser Jr., Nottingham & Nottingham,* for plaintiff.

*Martin, Snow & Grant,* for defendant.

Felton, J. The only question involved is whether the insured met his death on a public highway. The policy provided: "Public Highway as used herein shall mean the traveled and improved portion of the highway open to the public generally for vehicular traffic, and shall not be construed to include any portion of railroad yards, station ground or right-of-way, except where crossed by a public thoroughfare dedicated to and used by the public for automobile and horse vehicle traffic, and shall not include any river, stream, or waterways." The insured's death occurred in Central City Park, in Macon, Georgia, on the one-mile race track. The plaintiff in error contends that the policy defines a public highway as one open to the public generally for vehicular traffic. If the terms of the policy undertake to define a highway and are ambiguous, it must be construed against the insurance company. We do not think, however, that the terms of the policy undertake to define a public highway. All it does is to refer to public highway, and then confines liability to acci-

dents on the improved portion open to the public generally for vehicular traffic, and exclude accidents on unimproved portions, etc., and exclude any river, stream, and waterway. Since the policy does not seek to define a public highway, the term must be given its legal signification. In statutes a highway, or road, includes streets of a city. Code, § 102-103. There is no evidence that the mile race track in Central City Park in Macon, Georgia, is a street in the City of Macon. Nor is there any evidence that the track was a public road or highway under any other method by which, under the law, such a road could be created or could come to be recognized by law as such. (1) It was not established as a public road by the General Assembly. (2) It was not established by proper county authorities. (3) It was not shown that for a period of twenty years the public had been accustomed to travel the track, or that the county authorities worked the track and kept it in repair. Thus, it was not shown to be a public highway. *Southern Ry. Co.* v. *Combs,* 124 *Ga.* 1004 (53 S. E. 508); *Hyde* v. *Chappell,* 194 *Ga.* 536 (22 S. E. 2d, 313). The evidence showed that the track was used by some of the public for special purposes, such as racing, learning to operate a motor vehicle, testing automobiles, horse racing, etc., and by two or three people for pleasure driving. We do not think that such special uses fill the requirement of use generally for vehicular traffic. Furthermore, it is our opinion that in view of the act of the General Assembly (Ga. L. 1872, pp. 222, 239, sec. 57), the public could not by even general use by all kinds of traffic obtain a prescriptive right to use the mile race track as a public road. Such use would never go beyond a permissive use, which could be terminated by the city at any time. The prohibition in the act against preventing the free use of the park as a park does not mean that the use of the mile race track could not be restricted by the city directly or through a lease. Furthermore, we think that the use of a road, to be the basis for prescription, must be continuous, and there is no evidence in this case that even the use for the limited purposes shown was continuous. There was evidence that the city dump trucks used a part of the track for a short time only. Even if this is use by the public, it was only for a limited time. We do not think that the evidence showed that the death occurred on a public high-

way, and conclude that the court did not err in directing a verdict in favor of the insurance company. In view of this ruling, the admission of the lease from the Georgia State Fair Association to C. W. Roberts, objected to because the association did not have a lease itself and had no authority to lease it, was harmless error.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*