### 44870. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY v. BLANCHARD.

SUBMITTED NOVEMBER 3, 1969—DECIDED JANUARY 30, 1970.

*Bloch, Hall, Hawkins & Owens, F. Kennedy Hall,* for appellant.

*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellee.

EBERHARDT, Judge. ■ There was no error in failing to grant a new trial on the ground that the plaintiff's own testimony showed that his claim had been released. On the first trial of this case there was admitted into evidence a draft in the sum of $300 given by the defendant to the plaintiff which recited that it was "in full settlement for all damages incident to crossing accident at or near Cecil, Georgia, on or about the 8th day of September, 1964; excluding any rights under existing insurance policies, nor hinders subrogation rights of Calvert Fire Insurance Co." We held in the prior appeal that this draft was erroneously admitted because the defendant's pleadings did not raise the affirmative defense of accord and satisfaction, release or settlement. *Blanchard v. Ga. Sou. &c. R. Co.,* 117 Ga. App. 858 (162 SE2d 442). Prior to the trial resulting in the judgment which is the subject of this appeal, defendant amended its answer and specifically pleaded the negotiated draft as a release to meet our ruling; it did not, however, introduce the draft into evidence at the trial. The only evidence on this trial as to a release was plaintiff's testimony that a Mr. Tillison, who was unidentified by the evidence, delivered a check to him to cover the $100 deductible under his insurance and $200 for his wheelchair which had been in the

automobile, and that as far as plaintiff was concerned this was a release, although he did not know about his insurance company. There was no evidence to show that the check was given or made by or on behalf of defendant or related to it in any way. See *Thomas v. Cities Transit, Inc.*, 98 Ga. App. 694 (106 SE2d 351) on the question of this plaintiff's right to proceed had the draft itself been introduced into evidence. Enumeration of error No. 1 is without merit.

■ Enumerations of error 2—5 are concerned with the question of whether the road crossing defendant's tracks was a "public road" within the meaning of *Code* §§ 94-503, 94-506. Enumerations 2, 4 and 5 complain of objected-to charges on the blowpost statute (*Code* § 94-506), on *Code* § 94-503 (requiring railroad companies to maintain public roads where crossed by the railroad), and on prescription as a basis for establishing public roads, all of which charges depend for their applicability upon the existence of evidence from which an inference could be drawn that the road in question was a public road on the basis of prescription, no other basis being involved. As to what showing of prescription is sufficient, see *Shirley v. Morgan*, 170 Ga. 324 (3) (152 SE 831); *Dunaway v. Windsor*, 197 Ga. 705 (30 SE2d 627), or of dedication, *Hyde v. Chappell*, 194 Ga. 536 (2) (22 SE2d 313).

Similarly, enumeration 3 complains of the admission into evidence of a statement of plaintiff that the road in question was a public one. The question was asked, "Now this road that you were going down, it was open to the public? It was a public road?" The question was objected to on the grounds that it called for a conclusion without the basis for the witness' opinion being stated. The objection was overruled and plaintiff was allowed to state as a conclusion that it was a public road.

The objection should have been sustained. A "public road" within the meaning of the railroad statutes (*Code* §§ 94-503, 94-506) may have its origin in a legislative Act, in the order of a court of competent jurisdiction, in formal proceedings by the county authorities establishing it, or it may come into existence by dedication or prescription. *Southern R. Co. v. Combs*, 124 Ga. 1004 (53 SE 508); *McCoy v. Central of Ga. R. Co.*,

131 Ga. 378 (62 SE 297). See also *Johnson v. State,* 1 Ga. App. 195 (58 SE 265). The question as to the nature of the road was a crucial, ultimate question for the jury inasmuch as the court charged on the railroad's duties at public crossings under *Code* §§ 94-503, 94-506, and the witness should not have been allowed, over objection, to state as a conclusion that the road was a public one without testifying as to the basis for his opinion. *Code* § 38-1708. "In any case in which the inquiry is material the method in which a public road was established—whether by legislative enactment, by order of the county authorities, by prescription, or by dedication—must be shown." *Hutchinson v. State,* 8 Ga. App. 684 (1) (70 SE 63).

However, it appears that the plaintiff had earlier testified, without objection, that the dirt road was a "county road," and thus a public road. He was not cross examined on the matter.[2] An "opinionative statement by a witness, even though it be unsupported by a statement of the necessary facts and circumstances on which it is based" will, nevertheless support a verdict, and "it cannot be questioned for the first time upon review, as incompetent and without probative value." *Morgan v. Bell,* 189 Ga. 432, 439 (5 SE2d 897). Another witness for the plaintiff, Fulp, testified to the same effect, additionally giving some of the facts upon which his opinion was based. While these may have been insufficient to meet the tests laid down as to what, in this frame of reference, a public road is, yet the facts which he stated do not contradict or disprove the plaintiff's conclusory statement, nor are they conclusive as to what might have been the basis of the plaintiff's opinion that it was a county road. If, on cross examination, plaintiff had stated as the basis for his opinion the same facts testified to by Fulp, we should be in the position of having to determine whether they were

---

[2]When a witness makes a conclusory statement to which no objection is proffered, but on cross examination he "gives in detail the facts upon which he bases his opinion and those facts obviously disprove the conclusion reached by him" the conclusion must be disregarded. *Bacon v. State,* 222 Ga. 151, 154 (149 SE2d 111).

sufficient, or whether they may have disproved his premise. But that is not the case.

This statement of the plaintiff, unobjected to, was sufficient to call into play the railroad's duties under Code §§ 94-503, 94-506. "Where a witness, without objection, testifies that a certain road is a public road, and no effort is made to test the sources of his information or question his statement that the road in question is in fact a public road, it must be assumed that more specific and definite proof of the fact that the road is lawfully a public road[3] was waived. An opinionative statement of a witness, even though it be a conclusion unsupported by such facts as are necessary to constitute a road a public road, where no objection is urged thereto upon the trial, cannot be challenged for the first time upon review, as incompetent and insufficient." *Hutchinson v. State,* 8 Ga. App. 684 (1), supra. Accord: *Bugg v. Cook,* 32 Ga. App. 116 (122 SE 714).

---

[3]See and compare: *Code* §§ 95-101, 68-1504, 23-701 (3), 102-103; *Hart v. Taylor,* 61 Ga. 156 (neighborhood road); *Southern R. Co. v. Combs,* 124 Ga. 1004, supra, (highway); *Atlanta & W. P. R. Co. v. Atlanta, B. & A. R. Co.,* 125 Ga. 529, 545 (54 SE 736) (highway); *Griffin v. Sanborn,* 127 Ga. 17 (2) (56 SE 71) (road); *Penick v. County of Morgan,* 131 Ga. 385 (62 SE 300) (public road); *Lee County v. Mayor &c. of Smithville,* 154 Ga. 550 (115 SE 107) (public road); *Schlesinger v. City of Atlanta,* 161 Ga. 148, 159 (129 SE 861) (highway); *Shirley v. Morgan,* 170 Ga. 324 (3) (152 SE 831) (highway); *Powell v. State,* 193 Ga. 398 (2) (18 SE2d 678) (highway, public highway); *Johnson v. State,* 1 Ga. App. 195 (2) (58 SE 265) (public highway, public road); *Early County v. Fain,* 2 Ga. App. 288 (58 SE 528) (public bridge, public road); *Wells v. State,* 33 Ga. App. 426 (126 SE 856) (public road); *Jones v. Continental Life Ins. Co.,* 37 Ga. App. 289 (139 SE 911) (public highway); *Moye v. State,* 46 Ga. App. 727 (2) (169 SE 59) (public highway—Federal highway); *Barker v. Life & Cas. Ins. Co. of Tenn.,* 78 Ga. App. 252 (50 SE2d 375) (public highway); *Isenhower v. State,* 88 Ga. App. 762 (77 SE2d 834) (public road); *McGregor v. State,* 89 Ga. App. 522 (4) (80 SE2d 67) (public highway). "Public road," of course, includes more than a "county road," i.e., a city street, or a State-aid road.

Enumeration of error 3 shows error, but under the rule that it is harmless where similar evidence was allowed to go in without objection, no cause for reversal is shown. Enumerations numbered 2, 4 and 5 are without merit.

■ In enumeration numbered 6 complaint is made of the admission of certain testimony that the train was running behind schedule. But again it appears that the same testimony was elsewhere admitted without objection, and if error, it was harmless. *Sapp v. Callaway*, 208 Ga. 805 (3) (69 SE2d 734).

■ No error in the denial of defendant's motion for judgment n.o.v. appears. In the state of the record we do not conclude that the evidence demanded a verdict for the defendant. Moreover, it does not appear that a motion for directed verdict was made at the close of all of the evidence, as we conclude is required by *Code Ann.* § 81A-150 (b). See: 5 Moore's Fed. Practice (2d Ed. 1968), 2357, 2358, § 50.08; *Shetzen v. C. G. Aycock Realty Co.*, 93 Ga. App. 477, 479 (92 SE2d 114); *Crown Carpet Mills v. C. E. Goodroe Co.*, 108 Ga. App. 327 (1a) (132 SE2d 824).

Nor do we find error in the denial of a motion for new trial.
*Judgment affirmed. Bell, C. J., and Deen, J., concur.*