## 68832. BARRETT v. THE STATE.

(323 SE2d 654)

Deen, Presiding Judge.

Johnny Lawrence Barrett was convicted of driving under the influence of alcohol, driving while license was suspended, and escape.

1. In his first two enumerations of error, appellant challenges his conviction of driving while his license was suspended, contending that the trial court erred in charging the jury that the offense could be committed on private property when the Georgia code directs otherwise, and that the evidence was insufficient to warrant a conviction on this offense.

The evidence showed that an Athens city police officer turned off the Atlanta Highway onto Alps Road and observed appellant leaving Bennigan's, a bar, located in Beechwood Plaza, a shopping center. The officer observed Barrett enter a Mercedes automobile, back out of a parking space, and drive across the parking lot. The officer recognized appellant and knew that his driver's license had been suspended. The officer pursued appellant around Bennigan's until the vehicle was returned to a parking space in front of the building. Appellant could not produce a driver's license when the officer requested it, and a records check confirmed the suspension.

The trial court charged the provisions of OCGA § 40-5-121 (Code Ann. § 68B-402): "any person who drives a motor vehicle on any public highway of this state at a time when his privilege to do so is suspended or revoked shall be guilty of a misdemeanor." While OCGA § 40-6-3 (2) provides that the uniform rules of the road as set forth in Chapter 6 apply to shopping centers or parking lots, there is no similar provision for Chapter 5.

We cannot, however, agree with the State's interpretation of the charged code section that the term "public highway" includes a shopping center parking lot. Even if such an area could be considered a "highway," there was no proof presented that it was a "public highway" as provided in *Southern R. Co. v. Combs*, 124 Ga. 1004 (53 SE 508) (1906). See also *Georgia Sou. & Fla. R. Co. v. Blanchard*, 121 Ga. App. 82, 84 (173 SE2d 103) (1970).

Accordingly, appellant's conviction on this count must be reversed, and we need not address the challenge to the sufficiency of the evidence.

2. In his remaining enumeration of error, appellant contends that the court erred in admitting evidence of bad character by admitting evidence of a prior incident involving his refusal to consent to a breath test and his past driving record.

The transcript indicates that the State introduced an excised portion of a certified copy of his driving record to prove that his license was suspended. Counsel objected, stating that Barrett admitted his license was suspended. Contrary to appellant's assertion, the State did not offer appellant's entire driving history record into evidence, and there is nothing in the transcript to indicate "the Assistant Solicitor waved a computerized list of appellant's driving history in front of the jury." As to the State's injecting his character in issue, the appellant stipulated his license was suspended and therefore admitted prior driving offenses. On direct examination, he testified that he had a prior encounter with Officer Chinn and that he had previously refused to take a sobriety test. We find no error.

Accordingly, the judgment is reversed as to the count contending appellant was driving while his license was suspended and affirmed as to the remaining counts.

*Judgment reversed in part, affirmed in part. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 15, 1984 —
REHEARING DENIED OCTOBER 30, 1984

*Howard T. Scott, Jerry Sterring*, for appellant.

*Ken Stula, Solicitor, Kent Lawrence, Assistant Solicitor*, for appellee.