4492. WHEELER v. BOARD OF PUBLIC EDUCATION FOR AMERICUS.

1. The evidence in favor of the plaintiff was not sufficient to authorize a recovery, and a nonsuit was properly awarded.
2. A judgment overruling a demurrer to a petition concludes the defendant only upon such questions as are necessarily involved in the demurrer.

DECIDED JANUARY 22, 1913.

Complaint; from city court of Americus—Judge Harper. September 17, 1912.

*James A. & John A. Fort,* for plaintiff. *Hollis Fort,* contra.

POTTLE, J. The suit was to recover a balance alleged to be due the plaintiff upon her salary as a teacher in one of the public schools of the City of Americus. The petition alleged that the defendant had contracted to pay the plaintiff $1,000 for her services for the year 1911, and owed her a balance of $325. In the original petition it was alleged that her salary had been fixed at $1,000 by corporate action of the board of education, duly entered on its minutes. A general demurrer to the petition was overruled; but a special demurrer, upon the ground that a copy of the entry from the minutes, relied on by the plaintiff, was not attached, was sustained, with leave to amend. The plaintiff thereupon amended by attaching a copy of the minutes. A demurrer to the petition as then amended was overruled, and, at the conclusion of the plaintiff's evidence (which consisted of her own testimony and a copy of the minutes of the board), a nonsuit was granted. The plaintiff excepted.

1. The plaintiff was the principal of the grammar school. The minutes of May 17 show that salaries of teachers of the first grade were fixed at $60 per month, of teachers of the high school at $1,000 for the year; and teachers in the grammar and primary schools who were receiving $50 per month were given a monthly increase of $5. A committee was appointed to arrange a schedule of salaries and report back to the board. On May 25 the committee made its report, recommending a schedule of salaries for teachers of the different grades, to be increased, with each year of service, to stated maximum amounts. The salary of the principal of the grammar school was thus stated: "$675.00—$900.00 per year." So far as appears, the board took no action upon this report, or, if it was adopted, it was not shown when the report went

into effect. It is apparent that there is nothing in the minutes to show that the plaintiff's salary had been fixed at $1,000. The plaintiff testified that she "went to work under the contract contained in the defendant's minutes under date of May 23rd, 1911." It must be apparent, therefore, that the plaintiff wholly failed to prove a contract to pay her the sum sued for.

2. The plaintiff's counsel contends, however, that the judgment overruling the demurrer to the petition as amended conclusively settles the question that the extract from the minutes exhibited with the petition supported the plaintiff's position. It is unquestionably true that if, upon demurrer to a pleading, a particular question be decided adversely to a party, who acquiesces in such decision, he is bound, whether the decision be right or wrong. *McElmurray* v. *Blodgett*, 120 *Ga.* 15 (47 S. E. 351). The plaintiff can not, however, successfully invoke this rule. The petition as amended was demurred to solely upon the grounds that it set forth no cause of action plainly, fully, and distinctly, and that it was duplicitous. This demurrer did not necessarily raise the question that the plaintiff's theory of the contract was not supported by the minutes of the board. The allegations of the original petition were sufficient, as against a general demurrer, to authorize a recovery upon a contract evidenced either by the minutes or in any other lawful way. Hence, the judgment overruling the general demurrer to the original petition did not estop the defendant from asserting, by a motion for nonsuit, that the minutes were not susceptible of the construction placed upon them by the plaintiff.

*Judgment affirmed.*