## 11544.   ATLANTA POST COMPANY *et al.* v. McHENRY.

1. Where a demurrer to a petition contains general and specific grounds, and the court passes an order on the demurrer, there is no presumption that the ruling was based on any particular ground, but the order will be treated as passing on the entire demurrer and on all its grounds. *McClaren* v. *Williams,* 132 *Ga.* 352 (64 S. E. 65).

2. In a suit for libel, where the defendant admits the use of the language charged, and fails to enter a plea of justification, but files a demurrer setting up specifically that the words used in the article were not per se libelous, and that no special damages were asked for, and this demurrer is overruled, and no exception taken to such order, the ruling on the demurrer becomes the law of the case, in so far as it amounts to an adjudication to the effect that the plaintiff is entitled to relief and that the words used in the article were libelous per se. The only question in such a case remaining for the jury to determine is the amount of the damages to which the plaintiff is entitled. *Ga. Nor. Ry. Co.* v. *Hutchens,* 119 *Ga.* 504 (46 S. E. 659); *Johnson* v. *Wheelock,* 63 *Ga.* 624; *Miller* v. *Central of Ga. Ry. Co.,* 16 *Ga. App.* 855(3) (87 S. E. 303). The defendant by his demurrer having invoked a ruling upon the precise question indicated, and having failed to preserve exceptions taken pendente lite, or to enter direct exceptions upon such ruling, he cannot, upon exception to the judgment overruling the motion for new trial, be heard in effect to attack the judgment on the demurrer, which he himself invited, and which had become the law of the case. *American Grocery Co.* v. *Kennedy,* 100 *Ga.* 462 (28 S. E. 241).

3. The charge of the court relative to the mitigation of damages, by proof of the absence of malice, was in accordance with the provisions of § 4429 of the Civil Code (1910), to the effect that in all actions for printed or spoken defamation, malice may be inferred from the character of the charge, and that, should its existence be rebutted, such proof shall go in mitigation of damages. *Shipp* v. *Story,* 68 *Ga.* 47.

4. The court did not err in rejecting testimony offered by the defendant for the purpose of showing the absence of special damage. In an action for general damages on account of words spoken or written about another which are libelous per se it is not necessary to allege or prove special damages; and where they are not claimed, the defendant is not entitled to show the absence of special damage. Civil Code (1910), § 4433; 25 Cyc. 509.

DECIDED FEBRUARY 26, 1921.

Action for libel; from Fulton superior court — Judge Pendleton. April 27, 1920.

*T. J. Ripley,* for plaintiff in error. *C. D. Maddox,* contra.

JENKINS, P. J. In the demurrer to the suit for libel the following statement is made: "Nothing is alleged to base the damages upon, the article not being per se libelous, and the defendants move to dismiss said suit." The court overruled the demurrer, and in the charge to the jury stated that the article was libelous per se, as had already been thus previously determined. The defendant excepts to the charge, on the ground that the jury should have been allowed to pass upon the question whether the article was libelous per se.

It is urged that the judgment on the demurrer, which set up specifically, as the necessary basis of its ground, that the language used in the article was not libelous per se, did not *necessarily* pass upon that question; and that consequently there has been no adjudication to the effect that the words contained in the published article were libelous per se. If this contention be correct, then the conclusion stated in the second division of the syllabus would not follow, since, as was held in *McElmurray* v. *Blodgett,* 120 *Ga.* 9 (47 S. E. 531), such a judgment does not conclude a party upon any question not necessarily involved in the decision on the demurrer; citing *Ga. Northern Ry. Co.* v. *Hutchins,* 119 *Ga* 504 (46 S. E. 659). As we see it, however, the distinction between the instant case and the *McElmurray* case is clear and well defined. In that case the court held that the decision on the demurrer did not necessarily include a construction as to the nature of the instrument there involved, although the demurrer may have itself urged, as a reason why the petition should be dismissed, that the paper was of a certain named and definite character; this because there were *other allegations* in the petition, setting up fraud, such as would have authorized a recovery, even though the defendant's construction of the contract was correct, and that for *this* reason the court did not necessarily have to pass upon the character of the instrument in overruling the demurrer. In the instant case, as stated in the demurrer itself, the plaintiff has failed to set up or ask for special damages; and, as stated by the demurrer, the suit was for this reason not maintainable,

unless the petition showed the use of language by the defendant which amounted to a libel per se. Thus, as urged by the demurrer itself, there could be no recovery under any other theory. It follows, therefore, that, in overruling the demurrer, the court necessarily had to determine whether the language of the published article amounted to a libel per se, this being the sole and precise question upon which a ruling was invoked.

The real difficulty of the case strikes somewhat deeper, however, and is presented by a consideration of the question as to whether, in ruling upon the demurrer, the judge necessarily determined that the words of the published article *were* libelous per se, or whether he only necessarily determined that they *authorized* such a construction, thus leaving it for the jury to say whether the innuendoes, which the petition sets up by way of explanation, set forth the true and actual meaning of the language used. The petition sets forth by way of innuendo an explanation as to the meaning of the language, which it is alleged charged the plaintiff with a crime; and it appears to be the general rule in such a case that where the alleged defamatory statement is ambiguous, — that is, where it is capable, as a matter of law, of being understood in more than one sense, — it is the office of the innuendo to designate the meaning which the plaintiff proposes to establish as the true and actual intent of the language, and such as was understood by those who read it. It is not the office of an innuendo, when thus pleaded by way of interpretation, to add to or take from the meaning of the language itself. It cannot be made to operate as an averment imputing to the statement anything which is not in keeping with the usual and natural meaning of the language used. Whether the plaintiff by setting up the innuendo has assigned to a defamatory statement a meaning of which it is not logically capable is a question of law for the court; but after the court has determined, as a matter of law, that the statement is capable of the construction placed upon it by the plaintiff, it then becomes  a question for the jury whether or not the alleged defamatory statement was in fact used and understood in the sense charged. Thus, it will be seen that, if all the court did in passing upon the demurrer was to say that the language, as a matter of law, was legally capable of being understood as defamatory, that it was legally capable of being construed

as set up by the pleaded innuendo, then the ruling would not amount to a holding that the language *in fact* charged a crime. In other words, if all that the judgment did was to rule that the language of the publication was legally susceptible of being understood *according to the interpretation set forth by the petition,* the judgment on the demurrer would not conclude the defendant on the question as to whether the language itself was or was not actually libelous per se. It follows that, if this were a case where the petition had set up and claimed special damages, the reasoning just stated would have proper application; and in a case of that sort, a ruling on a demurrer, which sought merely to deny that the words were legally capable of the meaning charged, would decide nothing more than that such language might be taken and understood in accordance with the explanation pleaded by way of innuendo. In a case such as that, the judgment would have no need to pass upon the question as to whether or not the libel was such per se.

The case before us is, however, of a different nature. Here we have a libel suit, setting up and praying for general damages only. It could not thus be maintained at all unless the language were libelous of itself and as a matter of law. No special damages being set up, the language of the publication must be such as would itself import injury and damage. Dismissal of the case was sought on the specific ground of demurrer that the language used was not libelous *per se.* Unless the language used were libelous as a matter of law, without the aid of any explanatory pleading or extraneous proof, the court should have sustained the demurrer. Not having sustained it, the contrary ruling necessarily carries with it an adjudication to the effect that the language used was not only libelous when taken in connection with the pleaded innuendo, but libelous per se.

But, it may be urged, does not the ruling, after all, go only to the extent of holding that the language is legally *susceptible* of being construed as libelous per se? If this were true, the effect would be to hold that the language, though necessary to be taken in connection with and supported by the explanation and interpretation pleaded by way of innuendo, could nevertheless, as a matter of law, be construed as a libel of itself and within itself. That is to say, the language itself is libelous within itself and of

itself although it is required that this construction of the language be supported by explanatory pleading and extraneous proof. This would seem to be an anomaly. It would be similar to saying that a given act could be accounted as negligence per se although it required the finding of a jury to determine its character as such. Negligence which is negligence per se, and words which are libelous per se, are such as a matter of law. In either case, if the finding of a jury is necessary to determine the character of the act or of the words, this is proof positive that its character is not fixed as a matter of law. Words which require support, interpretation, and explanation by pleading and extraneous proof cannot, therefore, be taken as libelous within themselves merely because the charge, *when thus supported,* relates to a crime. If it takes the verdict of the jury to establish the fact that it is libelous *at all,* it reasonably follows that it cannot be so accounted simply as a matter of law. When the judge, passing upon the specific question raised by the demurrer, ruled that the language used in the publication was itself libelous per se, he must necessarily have determined that this was true without the aid of any interpretation pleaded by way of innuendo. This being true, whether his decision was right or wrong makes no difference, no exception having been made thereto. Having decided that the language of the publication was libelous per se, he necessarily determined that it charged a crime independently of the innuendo pleaded in its support. His holding on the exact point raised by the defendant, to wit, that the words themselves were libelous per se, was equivalent to a holding that the innuendo pleaded in the petition was mere surplusage, since words which are libelous per se must be able to stand alone without the aid of any innuendo pleaded in their support.

In *Central of Georgia Railway Co.* v. *Sheftall,* 118 *Ga.* 865, 867 (45 S. E. 687), the Supreme Court, speaking through Mr. Justice Lamar, said: " Words which are clearly not defamatory cannot have their natural meaning changed by innuendo. *Words which are libelous per se do not need an innuendo.* [Italics ours.] But between these two extremes are found many expressions which may be ambiguous, and the real meaning can then be explained by reference to the circumstances. It is for the jury in such instances to say whether, in view of all the facts, the writing was

libelous. It then becomes a part of the plaintiff's case to prove the allegations in the innuendo, and to show that the words were really libelous under the circumstances, and that those who read understood them in the sense alleged." Following the principle thus laid down by the Supreme Court, it is our opinion that when the trial judge ruled that the words of the article were libelous per se, he necessarily must have determined that they should be so taken independently of any innuendo set up by the petition, since, under the authority quoted, if the words were not libelous per se without it, they could not be so accounted when thus supported. A petition cannot be based upon ambiguous language which is manifestly uncertain as to whether the meaning of the words was intended to be libelous, except where the petition is supported by innuendoes pleaded by way of interpretation. It would seem to be equally true that if the petition cannot stand without the aid of explanatory interpretation, such ambiguous language standing by itself alone would not be sufficient to impute injury and damage as a matter of law. In this case, there being no special damages prayed for, the judge *must* have held that the language was not ambiguous and that it charged a crime — not that it could have charged it as set forth by the pleaded innuendo, but that it did so independently of such pleaded interpretation. In order to render the ruling he made, it was necessary that he treat as mere surplusage the innuendo pleaded by way of interpretation, and hold that the language itself charged a crime.

*Judgment affirmed. Hill, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. "A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule." Civil Code (1910), § 4428. There is authority to the effect that any defamatory charge amounting to a libel is actionable without proof of special damage to the person against whom the charge is directed. Bigelow on Torts (8th ed.), 285. Be that as it may, it is certainly true that a libel which imputes to a person a crime punishable by law is actionable without proof of special damage. Such a charge is inherently harmful and injurious to the person against whom it is directed, and damage is therefore presumed.

Such a libelous charge is actionable per se. This is so whether the words directly, ex vi termini, or indirectly by intimation or innuendo, make the charge. The charge is just as effectually harmful without proof of special damage, and therefore actionable per se, whether the harm results from words which directly and unequivocally make the charge, or from words which do so indirectly or by inference. It is therefore the harmful effect of the defamatory language which renders it actionable per se, and not its directness or unequivocal nature. To indirectly intimate, as in the instant case, that one is an embezzler or a thief, by charging that he wants to get his paws upon the money, if such language can be construed as making such charge, is just as inherently harmful without proof of special damage as to directly and unequivocally and in express language make the charge. See, in this connection: Odgers on Libel & Slander (5th ed.), 39 et seq.; Pollock on Torts (10th ed.), 249 et seq.; Bigelow on Torts (8th ed.), 284; Cooley on Torts (3d ed.) 376, 400; Newell on Libel & Slander (3d ed.), 334, 352; *Cooper* v. *Perry, Dudley (Ga.)*, 247; 18 Am. & Eng. Ency. of Law, 865 et seq., 969; 25 Cyc. 250, 452. Whether or not in any case the court can without the aid of a jury construe the meaning of alleged defamatory words, yet, where the words are reasonably susceptible of a defamatory meaning as well as an innocent one and where the defamatory meaning must be supplied by inference or innuendo, the question then as to what meaning attaches to the language is clearly and without doubt one for the jury. *Beazley* v. *Reid,* 68 *Ga.* 380; *Morgan* v. *Black,* 132 *Ga.* 67; Odgers on Libel & Slander (5th ed.), 110, 116, 129, 688; Newell on Libel & Slander (3d ed.), 352. The trial judge therefore erred, as contended by the defendant, in eliminating this question from the consideration of the jury, unless his ruling upon the defendant's demurrer can be construed, as claimed by my colleagues in the majority opinion, as having adjudicated that the alleged defamatory words directly and ex vi termini made a defamatory charge actionable per se. I am of the opinion that no such question was adjudicated upon the demurrer, and therefore must dissent from the judgment of affirmance.

I submit that the trial judge, in overruling the defendant's demurrer to the petition, has adjudicated only that the alleged defamatory publication was actionable per se in the sense above

stated, and that therefore the petition set out a cause of action without alleging special damage. The demurrer was based upon the ground that no cause of action was set out in the petition, since the alleged defamatory publication was not " per se libelous" and no special damage was alleged. The expression " not being per se libelous," as used by the defendant in the demurrer, can only mean that the alleged defamatory words are not actionable per se. It is not to be construed as meaning that the words are not unequivocal or not directly defamatory. Since defamatory language may be actionable per se without proof of special damage, whether the language directly or by inference makes a charge which is in itself defamatory without proof of special damage, a demurrer based upon the ground that a petition in a suit for libel sets out no cause of action, because the alleged defamatory publication is not " per se libelous " and no special damage is set out, can only be construed as meaning that the alleged defamatory charge is not actionable per se. If, therefore, the order overruling the demurrer adjudicates only that the alleged defamatory charge upon which the suit is based is actionable per se, it is not an adjudication that the language directly and unequivocally makes a defamatory charge. Despite such an adjudication, it was nevertheless error to withdraw from the jury the question as to· the meaning of the language used.

Conceding,. however, that the language in the demurrer, viz. that the publication was not " per se libelous," means that the words are not directly or ex vi termini libelous, it cannot be said that the trial judge, in overruling the demurrer adjudicated that the words were directly and ex vi termini libelous. An order upon a demurrer is an adjudication of those questions only which must necessarily have been adjudicated to sustain the order. It is not an adjudication of any question the decision of which is not necessary for the purpose of sustaining the order. *McElmurray* v. *Blodgett,* 120 *Ga.* 9 (47 S. E. 531) ; *Wheeler* v. *Board of Education,* 12 *Ga. App.* 152 (76 S. E. 1035). Therefore, the judgment overruling the demurrer to the petition, and thereby sustaining the petition, cannot be an adjudication that the alleged defamatory words were directly and unequivocally libelous, since it was not necessary to so decide in order to sustain the petition. The order overruling the demurrer and sustaining the petition adjudicates

only that the petition sets out a cause of action, and a cause of action may be set out without alleging special damage whether the defamatory words directly and unequivocally make the libelous charge, or whether they do so indirectly or by inference.