36938. SEABOARD AIR LINE RAILROAD COMPANY
*v.* HOLLOMON.

DECIDED JANUARY 28, 1958.

18

*Dykes, Dykes, Marshall & Clark, Thomas A. Clark,* for plaintiff in error.

*Hollis Fort, Jr., W. W. McKinnon,* contra.

QUILLIAN, Judge. 1. The defendant filed a special demurrer to paragraph 8 of the petition which alleges that the train was coasting and making very little noise. The demurrer insists that the allegation is irrelevant because it fails to show that the plaintiff was harmed by the coasting of the train. The judge properly overruled this demurrer because the allegation illustrates one of the circumstances under which the collision took place.

2. The special demurrers to paragraph 10 and subparagraph d of paragraph 19 of the petition should have been sustained. The paragraphs allege that the headlight on the train's engine was not burning at the time of the collision. The petition shows that the collision took place at 2:30 p.m. There being no allegation to the contrary it will be assumed it was a clear day. *Atlanta Gas Light Co.* v. *Brown,* 94 *Ga. App.* 351, 355 (94 S. E. 2d 612). Under these circumstances it was immaterial whether the headlight was burning or not. The demurrer to the allegation should have been sustained.

3. The defendant also specially demurred to paragraph 18 of the petition, insisting that the paragraph did not separately state

the sum of damages sought for permanent injuries and those which were alleged for pain and suffering. These being general damages it is not necessary that they be alleged separately. *Hall* v. *Browning*, 195 *Ga.* 423, 428 (24 S. E. 2d 392); *County of Bibb* v. *Ham*, 110 *Ga.* 340 (35 S. E. 656).

4. There was a special demurrer to subparagraph a of paragraph 19 which alleged that the operator of the defendant's train was negligent in failing to keep a constant lookout ahead. The petition alleges that the defendant constructed and maintained the crossing where the collision occurred and that its employees had knowledge of the fact that the plaintiff, his employees, and the public used the crossing. In *Western & Atlantic R. Co.* v. *Michael*, 175 *Ga.* 1 (6) (165 S. E. 37) it is held: "Where persons habitually, with the knowledge and without the disapproval of the railroad company, use a private passageway for the purpose of crossing the tracks of the company at a given point, the employees of the company in charge of one of its trains, who are aware of the custom, are bound, on a given occasion, to anticipate that persons may be upon the tracks at this point; and they are under a duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence." If the alleged facts in the present case were supported by evidence a jury would be authorized to find that the operator's failure to keep a constant lookout ahead while approaching the crossing constituted a lack of ordinary care and diligence. The judge properly overruled the demurrer to this allegation.

5. Subparagraph b of paragraph 19 alleged that the operator was negligent in failing to have the train under such control as to be able to stop it immediately to avoid doing injury to the plaintiff. While the operator of the train is required to use ordinary care when approaching a crossing, there is no absolute duty upon him to stop the train immediately to avoid someone upon the tracks. *Atlantic Coast Line R. Co.* v. *Bradshaw*, 34 *Ga. App.* 360 (129 S. E. 304). The judge erred in overruling the special demurrer to this paragraph.

6. There was also a special demurrer to subparagraph c of paragraph 19 of the petition which alleged that the defendant's operator was negligent in failing to give any warning of the train's approach to the crossing. The defendant contends the

allegation should be stricken because there is no statutory duty resting on the operator of a train to give a warning when approaching a private crossing. In *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (4) (154 S. E. 718) it was held: "While it has been held that there is no statutory duty resting upon a railroad company to give warning of the approach of a train to a private crossing (*McCoy* v. *Central of Ga. Ry Co.,* 131 *Ga.* 378, 62 S. E. 297; *Willingham* v. *Macon & Birmingham Ry. Co.,* 113 *Ga.* 374, 38 S. E. 843) a petition is not subject to special demurrer because it alleges negligence on the part of the defendant company in failing to give any signal by bell, whistle, or otherwise, and in failing to have the engine under control and to check the speed of the train upon approaching a private crossing, where, as in the instant case, such facts were not set forth as constituting a violation of any statutory duty of the defendant, but as constituting negligence as a matter of fact, under the surrounding facts and circumstances set forth." Under the authority of the above holding the special demurrer is without merit.

7. There was a special demurrer filed to subparagraph e of paragraph 19 of the petition which alleged that the operator, after ascertaining the presence of the plaintiff, was negligent in failing to have the train under such control as to be able to stop prior to the collision. This allegation is a conclusion because it neither pleaded the distance for which the defendant was able to see the plaintiff nor the rate of speed at which the train was traveling. There being no facts upon which to base the operator's ability to stop the train the allegation was subject to special demurrer.

8. The judge erred in overruling the special demurrer to paragraph 9 and subparagraph f of paragraph 19 of the petition, which alleged that the operator of the train was negligent in failing to sound signals as required by law at the public crossing immediately north of the crossing where the collision occurred. For the violation of a statutory duty to be negligence as to a particular person, he must come within the class that the statute was intended to protect. *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159 (2) (60 S. E. 1068). The failure to sound a signal at the public crossing is not negligence as to this plaintiff because the blow-post law raises no duty as between the train company and people who may be on the track elsewhere than at a public

crossing. *Atlanta & Charlotte Air-Line Ry. Co. v. Gravitt*, 93 *Ga.* 369 (4) (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145).

9. Paragraph 4b alleges: "Petitioner shows that the employees, servants, agents, representatives, section hands, and all other personnel of the defendant were well acquainted and familiar with said crossing, running across said defendant's railroad track on the lands of the petitioner. That the engineer and conductor on trains operated by the defendant and running along said line were acquainted with said crossing and had full knowledge that the petitioner, petitioner's agents and servants, representatives, and other members of the general public used said crossing as a means of access to the cultivated fields to the east of said track." The defendant insists that this allegation was a conclusion. With this contention we cannot agree. This paragraph was an allegation of fact and not subject to the criticism made by the special demurrer.

10. Paragraph 8a alleges: "Petitioner further alleges that the railroad track across his lands in Stewart County, Georgia, as hereinbefore located and described, runs in a straight course for not less than 100 yards, going south, before it approaches the crossing at which petitioner was struck. That the view, from his elevated level of vision, seated or standing in the cab of his locomotive, of the engineer and any and all other members of the defendant's train crew was absolutely unobstructed in seeing down said track; over and above any and all obstructions, directly onto the road leading to and the crossing on which petitioner was struck; and that said engineer and other members of said train crew did on this occasion see the petitioner attempting to cross said track and could have halted said train before it struck petitioner and his tractor. Or, that said engineer and said other members of said train crew, from their elevated point of vantage, could have seen said petitioner as he attempted to cross said track had they been keeping a clear lookout ahead, as required by law so to do." This paragraph is subject to demurrer because paragraph 4a alleged that a wooded area obscured the view of the railroad tracks so that a person approaching the crossing could not see the train approaching. Under the same reasoning the operator of the train would not be able to see a vehicle approaching the crossing. While the operator would be at

a more elevated position their range of vision as to each other would be the same. Obviously, each would have the same opportunity of viewing the other. *Cowan* v. *Georgia R. & Bkg. Co.,* 52 *Ga App.* 677, 681 (184 S. E. 635) ; *Reynolds* v. *Mion & Murray Co.,* 93 *Ga. App.* 37, 40 (90 S. E. 2d 593).

The last sentence of paragraph 4a was subject to special demurrer and should have been stricken for the reasons stated above.

11. The defendant specially demurred to that part of paragraph 9a which alleged that the operator of the train was negligent in failing to give a warning at the private crossing. This demurrer is without merit for the reasons stated in division 7 of this opinion.

12. There was a demurrer filed to that part of paragraph 9a which alleged that the operator of the train was negligent in failing to have the train under such control as to enable him to stop prior to striking the petitioner. This demurrer should have been sustained under the rule in division 8 of this opinion.

13. (a) The defendant specially demurred to subparagraphs g, h, and i of paragraph 8 collectively in one special demurrer. Subparagraph g of paragraph 8 alleged: "That the operator of said train was guilty of negligence as a matter of fact in that he gave no warning by whistle, bell, or otherwise, even after seeing, or being able to see had he only looked, the petitioner attempting to cross said track." Under the authorities of *Southern Ry. Co.* v. *Tudor,* 46 *Ga. App.* 563, 576 (168 S. E. 98) ; *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759, supra, the jury would be authorized to find that the operator was negligent if the evidence shows that he failed to sound a warning after seeing the plaintiff attempting to cross the tracks. The demurrer to the allegation was properly overruled.

(b) The special demurrer being to all three subparagraphs collectively it must be overruled because at least one of the allegations it attacked was not subject to the criticism. *Southern Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (1) (71 S. E. 414).

14. The petition alleged facts sufficient to present a jury question as to whether the operator of the defendant's train took such precaution to prevent injury to the plaintiff as would meet the requirements of ordinary care and diligence. *Southern Ry.*

Co. v. Tankersley, 3 Ga. App. 548 (60 S. E. 297); Vaughn v. Louisville & Nashville R. Co., 53 Ga. App. 135 (185 S. E. 145); Atlantic Coast Line R. Co. v. Bradshaw, 34 Ga. App. 360, supra; Louisville & Nashville R. Co. v. Arp, 136 Ga. 489 (71 S. E. 867); Georgia Southern & Fla. Ry. Co. v. Wilson, 93 Ga. App. 94 (91 S. E. 2d 71); Central of Georgia Ry. Co. v. Sharpe, 83 Ga. App. 12 (62 S. E. 2d 427). The judge properly overruled the general demurrer to the petition.

Judgment affirmed in part, reversed in part. Felton, C. J., and Nichols, J., concur.