41530.   HEIN v. MORGAN.

Argued September 10, 1965—Decided September 29, 1965—
Rehearing denied October 25, 1965.

536

*Erwin, Birchmore & Epting, Eugene A. Epting,* for plaintiff in error.

*Rupert A. Brown, Jim Hudson,* contra.

EBERHARDT, Judge. 1. *The rulings on demurrer.* The defendant could not admit all of the allegations of this petition and escape liability. The general demurrer was properly overruled. *Douglas, Augusta &c. R. Co. v. Swindle,* 2 Ga. App. 550 (1) (59 SE 600). This we hold though at the conclusion of the evidence plaintiff abandoned the allegation that defendant's car was being operated in excess of 60 miles per hour, there having been no proof of it, and defendant thereupon renewed his demurrers.

It is true that "the mere fact that one vehicle is struck in its

rear, while another is not struck, is not sufficient to fix liability on the driver of either vehicle," (*Hay v. Carter*, 94 Ga. App. 382, 384 (94 SE2d 755)), and that "a leading vehicle has no absolute legal position superior to that of one following." *Flanigan v. Reville*, 107 Ga. App. 382 (2) (130 SE2d 258). But there were allegations in this petition that go beyond the mere fact that one vehicle struck another from the rear. It is alleged that this occurred after plaintiff had brought his vehicle to a stop awaiting the passing of traffic from the opposite direction, and was caused by a driver who was keeping no proper lookout ahead and who was driving at a speed greater than was reasonable and safe under the circumstances then existing, among them the facts that the pavement was wet and the street a heavily traveled thoroughfare, and that defendant's vehicle struck that of plaintiff with such force as to catapult it out into the lane of approaching traffic. From this plaintiff suffered serious and severe injuries, including a fractured leg.

We find no merit in the special demurrers. All come under the ruling made in *Atlantic Co. v. Jones*, 86 Ga. App. 515, 521 (3) (71 SE2d 824), and were properly overruled.

Plaintiff had every right at the close of the evidence to abandon the allegation that defendant's vehicle was being operated in excess of 60 miles per hour. An express abandonment could not, as we see it, adversely affect the defense; rather, it should strengthen it. There may well be circumstances under which this tactic opens the petition to a renewal of previously overruled demurrers. Indeed, defendant here did renew his demurrers but the judge allowed his previous ruling to stand. For reasons stated in this and other divisions of the opinion we find no error in his doing so.

2. *The motion for judgment n.o.v.* Unless a verdict for the defendant was demanded by the evidence, denial of this motion was proper. *DeLoach v. Myers*, 215 Ga. 255 (1) (109 SE2d 777). It was urged on the basis of failure of the plaintiff to prove his allegations of negligence. Defendant points out that plaintiff was his only witness to the facts asserted and that he admitted he did not see defendant's vehicle and did not even feel the impact; his testimony being that he felt "a rush of wind

and I felt this something was bearing down on me, and I didn't know what and I recall nothing other than that." He did testify about his giving a signal (by the blinker light) of his intention to make a left turn, bringing his vehicle to a stop preparatory to doing so in awaiting the passing of an oncoming vehicle from the opposite direction, his injuries received, and the damage to his car both front and rear. It is true that he did not testify as to the speed of defendant's vehicle. But he testified as to the condition of the street, the traffic conditions and the weather. With this evidence before it, together with evidence that plaintiff's vehicle was catapulted into the way of traffic coming from the opposite direction, the extent of the damage to his car and of his injuries, a question was raised for the jury as to whether defendant's son was driving faster than was reasonable and safe under the existing conditions, whether he was keeping a proper lookout ahead so that he might have avoided striking plaintiff's car from the rear, and whether he may have been following too closely under the existing conditions. The evidence was weak, but overruling the motion was proper.

3. *The motion for new trial.* The general grounds are without merit, and counsel for defendant (plaintiff in error) concede that the first ground of the amendment rests upon the same basis as the motion for the judgment n.o.v. Overruling of these was proper.

In ground 2 of the amendment there is an exception to the charge: ". . . the law of Georgia provides:—the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and condition of the highway." There is no contention that this is not a correct charge as an abstract principle of law. The only question then is whether there was evidence to authorize it. We think so. It is not always that the driver of the car ahead will have opportunity to observe the speed of the one approaching from behind, or to determine how closely it is following, and the like. His first knowledge that there was a car to the rear may well be the impact itself. But if he can bring to the jury evidence concerning the condition of the street, the weather, the traffic, circumstances

of the occurrence and the like, it is for the jury to resolve as to whether the driver of the rear vehicle may have been negligent in violating these provisions of the law. Ground 3 complains that the court erred in charging the provision of *Code Ann.* § 68-1626(a) that "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." It is urged that there was no proof of the speed that defendant's vehicle was making. But with the proof before it as to the "conditions" and the obvious potential hazard of striking plaintiff's car in the rear, the jury might well have concluded that defendant's car was being driven at a greater speed than was reasonable and prudent.

Ground 4 complains of the excessiveness of the verdict. The verdict has the approval of the trial judge. As to his discretion in setting aside a verdict for excessiveness, see *Holland v. Williams*, 3 Ga. App. 636 (60 SE 331). Appellate courts have no like discretion and, as Justice Lumpkin asserted in *Lang v. Hopkins*, 10 Ga. 37, 46, they can do it only when it manifestly appears that the damages awarded were flagrantly outrageous and extravagant. We cannot say the verdict here comes under that condemnation.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*