41692. DAUGHERTY v. PRUITT et al.

JORDAN, Judge. This appeal is from the judgment of the trial court overruling the defendant's general and special demurrers to the plaintiff's petition which sought to recover property damages arising out of a collision of the plaintiff's automobile and that of the defendant. *Held:*

1. As against general demurrer, the general allegations of the petition that the defendant was negligent in failing to keep his automobile under proper control, in failing to keep his vehicle a reasonable distance to the rear of the plaintiff's

stopped automobile and in driving his automobile into the rear of the plaintiff's vehicle and that such negligence was the proximate cause of the plaintiff's damages, were sufficient to set forth a cause of action since such allegations were not contradicted by the facts alleged in the petition. *Sarno v. Hoffman*, 110 Ga. App. 164 (1b) (138 SE2d 96); *Stone v. McMeekin Constr. Co.*, 110 Ga. App. 546 (7) (139 SE2d 421); *Pullman's Palace-Car Co. v. Martin*, 92 Ga. 161 (18 SE 364).

2. The petition was clearly defective in numerous particulars, however, as against special demurrer, and the trial court erred in overruling the defendant's special demurrers 3, 4 and 5 which properly called for additional information relating to the respective positions of the vehicles involved in the collision and the manner in which the collision occurred (*Wright Contracting Co. v. Davis*, 90 Ga. App. 548 (83 SE2d 232)), and in overruling special demurrers 6, 7, and 8 which attacked the general allegations of the petition that the defendant was negligent in driving his automobile into the rear of the plaintiff's vehicle, in failing to keep his vehicle under proper control and in failing to drive at a reasonable distance to the rear of the plaintiff's automobile, on the grounds that the same constituted conclusions of the pleader unsupported by well pleaded facts showing how or in what manner the defendant was negligent as alleged. *Seaboard A. L. R. Co. v. Hollomon*, 97 Ga. App. 16, 23 (7) (102 SE2d 185).

The trial court also erred in overruling special demurrers 9 and 10 which attacked the plaintiff's assessment of damages on the ground that the petition did not allege the market value of the plaintiff's automobile both before and after the collision and did not show that the period of time for which the plaintiff claimed damages for loss of use of his automobile for the purpose of repairs was a reasonable period of time for the making of repairs. *Leggett v. Brewton*, 104 Ga. App. 580 (2) (122 SE2d 469); *Webb v. May*, 91 Ga. App. 437 (2) (85 SE2d 641).

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 10, 1966—DECIDED FEBRUARY 8, 1966.

*Greer, Morris & Murray, Malcolm S. Murray*, for appellant.