### 41848. NATHAN v. DUNCAN.

ARGUED MARCH 9, 1966—DECIDED APRIL 5, 1966—REHEARING
DENIED MAY 11, 1966—

632

*Zorn & Royal, William A. Zorn,* for appellant.

*Adams & Henry, Ronald F. Adams, Q. Robert Henry,* for appellee.

EBERHARDT, Judge. ■ It is urged that since there were no allegations as to the distance defendant's automobile was behind the plaintiff, and the petition does not allege at what speed it was being operated, her allegations of negligence are no more than conclusions unsupported by any properly alleged facts. It is a close question as to whether the allegations can withstand a general demurrer, but since, as against a general demurrer a mere general allegation of negligence will suffice (*Hudgins v. Coca Cola Bottling Co.,* 122 Ga. 695, 698 (50 SE 974)), and since she does allege that the incident occurred in the middle of the day at a time when there was extremely heavy traffic along the streets of Jesup due to the closing of the stores just a short time prior thereto and due to the fact that an election was being held, that it happened as plaintiff and defendant

were crossing a series of railroad tracks traversing the street, and that the rear of her car was struck with great force and violence causing described injuries which were serious in nature, we are of the opinion that the overruling of the general demurrer was not error. Cf. *Raines v. Jones,* 96 Ga. App. 412 (100 SE2d 157).

■ Paragraph 8 of the petition alleged that at about midway the series of railroad tracks, which were approximately 100 feet in width, the right front of defendant's car struck the left rear of plaintiff's vehicle suddenly, violently and with great force, and in paragraph 16(a) alleged, as an act of negligence, that defendant had driven at a speed that was greater than was reasonable and prudent under the existing circumstances, in violation of *Code Ann.* § 68-1626(a). By amendment it was alleged that defendant had followed more closely than was reasonable and prudent, in violation of *Code Ann.* § 68-1641(a). Defendant demurred specially, seeking to strike these allegations of negligence because they were mere conclusions only, unsupported by allegations of fact, and now points out that plaintiff failed to allege where defendant's automobile was being driven, and the distance between the two vehicles. The demurrers were overruled.

It must be conceded that the plaintiff should allege enough to show the existence of negligence on the part of a defendant, and that the defendant is entitled to have included in the petition all information needed to enable him to make preparation of a defense. To that end the special demurrer serves a useful purpose.

In the posture here the plaintiff was under a legal duty to keep a vigilant lookout *ahead. Claxton v. Hooks,* 68 Ga. App. 383, 385 (23 SE2d 101). If she were changing lanes of traffic, or making a turn to the right or left, or if she were coming to a stop, she would be under a duty to take the precaution of ascertaining whether another vehicle was following or passing, or about to pass her and give an appropriate signal. But as we see it, it is placing too great a burden on the plaintiff to require that she know and allege just *where* in the road the car behind may have been, at *what distance* it followed and at *what*

*speed* it traveled. "There is nothing more unreliable than mere opinions and estimates of time and distance." *Augusta Sou.. R. Co. v. Carroll,* 7 Ga. App. 138 (66 SE 403). How much greater the unreliability when the opinion or estimate must be based upon what is seen in a rear view mirror! If the plaintiff were in the performance of her legal duty she could not, in the ordinary course of things, unless wearing the two faces of Janus, allege these items. But the defendant's wife (his agent) driving behind, if keeping a lookout ahead, must have known *where she was* in the street, *how fast* she was operating the car and *how closely* she followed. A plaintiff should not be required to allege facts which are not calculated to be in his or her knowledge, but which obviously are within the knowledge of the defendant. Enough circumstances were alleged as to the occurrence to afford much of the information sought. There was no error in overruling these demurrers. *Hein v. Morgan,* 112 Ga. App. 535 (145 SE2d 780); *Purcell v. Hill,* 107 Ga. App. 85, 89 (129 SE2d 341).

"Good pleading requires only that the plaintiff plainly and concisely state the material ultimate facts upon which she depends for a recovery." *Lefkoff v. Sicro,* 189 Ga. 554 (10) (6 SE2d 687, 133 ALR 738); *Baker v. Goddard,* 205 Ga. 477, 479 (53 SE2d 754); *Wood v. Hub Motor Co.,* 110 Ga. App. 101, 107 (137 SE2d 674).

There is similarity between this case and *Daugherty v. Pruitt,* 113 Ga. App. 88 (147 SE2d 347), as there is between it and any rear-end collision case, but the records reveal there are many differences. Three cars were involved in *Daugherty* and it was impossible to deduce from the allegations which of the two cars to the rear plaintiff contended was responsible for the damage. The allegations were in the most general terms, wholly without facts that might have illustrated the negligence claimed. If there were error in overruling the special demurrers here, it was harmless, for it clearly appears that defendant was already in possession of the information called for. *Clifton v. State,* 35 Ga. App. 399 (2) (133 SE 287). And see *Georgia, Florida &c. R. Co. v. Parsons,* 12 Ga. App. 180 (4) (76 SE 1063).

■ Under the facts and circumstances proven concerning the

manner in which the incident occurred a verdict was authorized, but not demanded, for the plaintiff or the defendant. There was no error in the denial of the motion for a nonsuit, or the motion for a judgment n.o.v. or in overruling the general grounds of the motion for new trial.

We do not overlook the cases of *Hay v. Carter*, 94 Ga. App. 382 (94 SE2d 755); *Cartey v. Smith*, 105 Ga. App. 809 (125 SE2d 723); *Flanigan v. Reville*, 107 Ga. App. 382 (2) (130 SE2d 258); *Simpson v. Brand*, 108 Ga. App. 393, 400 (133 SE2d 393) and *Malcom v. Malcolm*, 112 Ga. App. 151 (144 SE2d 188). In *Hay v. Carter* it was held that the driver of the lead car must exercise ordinary care not to stop, slow up, or swerve from his course without adequate warning to the following vehicles of his intention to do so, that the driver of the following vehicle must exercise ordinary care to avoid collision with vehicles, both in front and behind him. Consequently, the mere fact that one vehicle is struck in the rear, while another is not struck, is not sufficient to fix liability on the driver of either vehicle. We do not think our holding here conflicts with that, or with *Cartey v. Smith*, where the cause of the collision being wholly unexplained, a verdict for the defendant was upheld. A charge of the principle of *Hay v. Carter* was approved in *Flanigan v. Reville*, and a verdict for the defendant upheld, as was done in *Simpson v. Brand*. In *Malcom v. Malcolm* the principle of *Hay v. Carter* was recognized, but the grant of a summary judgment was reversed, since the question of whether the car behind was following too closely was for the jury. The facts of the cases vary, but, as in *Malcom*, we see here a jury question.

■ Paragraph 8 of the petition alleged the place and manner in which the incident occurred, and paragraph 8 of the defendant's answer admitted it. Later, by amendment, paragraph 8 of the answer was stricken and the allegations of the corresponding paragraph of the petition were denied.

On this matter the court charged the jury: "I also call your attention to paragraph 8 of the defendant's answer, which reads as follows: 'Defendant admits the allegations of paragraph 8 of said petition.' I call your attention also to the amendment of

defendant's answer by which the defendant strikes paragraph 8 in his answer, in which he admitted paragraph 8 of the plaintiff's petition, and by this amendment he denies the allegations set forth in that paragraph of the plaintiff's petition."

Then the court proceeded to charge on the matter of stricken admissions in the language of *Payne v. Rivers*, 28 Ga. App. 28 (2) (110 SE 45).

The objection to this portion of the charge, made after the jury retired but before verdict, was: "[W]e object to the charge making specific reference to paragraph 8 of the plaintiff's petition and the reading of paragraph 8 of plaintiff's petition and the specific reference to the defendant's answer and amendment on the grounds that *while the court would be authorized to charge the jury concerning admissions,* it would be improper, and was improper, to specifically point out that which we say should have been left entirely to the jury." (Emphasis supplied).

In his enumeration of errors it is contended that it was error for the court to charge on admissions, and that it was error to overrule special ground 1 of the amended motion for new trial in which the same contention was made. We cannot agree. A reading of the charge reveals that the court did leave entirely to the jury the matter of admissions, whether made, and if so, what weight was to be given them in the light of all of the evidence in the case, and admonished the jury that the defendant was not bound or concluded and was free to explain or deny them, and had denied them in the amendment.

It is to be noted that this charge came as a part of the statement of the contentions of the parties in the beginning or outset of the charge. In view of counsel's concession that a charge on admissions was authorized, we find no error. See *Code* § 38-402.

■ At the proper time an exception was made that the court had failed to state all of the contentions of the defendant, while all of the contentions of the plaintiff had been stated, and error is enumerated on that ground. It appears that the jury was charged that they should return a verdict for the defendant if they should find (as was contended by the defendant) that plaintiff's injury resulted solely from her own negligence; if she

could have avoided the negligence, if any, of the defendant by the exercise of ordinary care; if the plaintiff was herself negligent and her negligence was equal to or greater than the negligence, if any, of the defendant, and charged on the doctrine of sudden emergency as it might apply to the defendant. They were charged that the mere fact that a vehicle is struck from the rear by another does not establish liability on the part of the driver of either vehicle. The Code sections prescribing the duties of operators of vehicles in driving, following, stopping or slowing down, were read to the jury. They were instructed that if it should appear that the plaintiff had a pre-existing injury and that it was aggravated, she would be. limited in her recovery to the damages flowing from the aggravation, if otherwise entitled to recover. We can see no contention made by the defendant, either in his pleadings or the evidence, not covered in this charge.

Moreover, appellant fails to state, in the enumeration of errors or in his brief, what contention of the defendant was omitted from the charge. In his brief he asserts that the court did not sufficiently charge all of the law relative to the contentions made, but that was not the ground of exception nor is the enumeration of error based on that proposition, and it cannot be considered. *Cross v. Miller*, 221 Ga. 579, 582 (146 SE2d 279).

■ Errors are enumerated as to the charge, asserting that the court incorrectly charged on sudden emergency, on the matter of loss of future earnings,[1] on the matter of temporary dis-

---

[1]The record discloses that the exception made to the trial court was: "We object to the charge . . . on the question of lost wages; we object to any charge on the question of lost wages, first, because the question of wages themselves were not involved in the case, and, secondly, because the loss of income, if it could be construed to be a loss of income, was too speculative from the evidence in the case to authorize a charge on that point." Plaintiff testified that during the year 1963, prior to her injury, she earned $4,250 as a saleslady, that she had bought the store where she then worked but, because of her condition, she had been unable to give the business proper attention and had not been able to make anything.

ability, on the matter of pre-existing injuries, and on the issue of violations of certain penal statutes, but it does not appear that any exception to the charge was made on any of these grounds after the jury retired and before verdict as required by § 17 (a, b) of the Appellate Practice Act of 1965, now found in *Code Ann.* § 70-207 (a, b).

We do not construe the exception to have been directed to the matter of the loss of *future* wages, but if so we do not think the charge as given was subject to the criticism made of it.

The rationale upon which this rule requiring exception to be made before verdict is grounded is discussed in *Dowis v. McCurdy*, 109 Ga. App. 488, 498 (136 SE2d 389), citing *Bailey & Co. v. Ogden*, 75 Ga. 874 (4); *Anderson v. State*, 196 Ga. 468, 471 (26 SE2d 755) and *Arrington v. Thompson*, 211 Ga. 734, 739 (88 SE2d 402). Another case that illustrates very forcibly the reason for the adoption of the rule that exceptions to the charge of the court should be noted at the trial is *Franklin v. Evans*, 55 Ga. App. 177, 180 (189 SE 722). And see *Black v. Thornton*, 31 Ga. 641, 659.

While it is provided that notwithstanding the provisions of *Code Ann.* § 70-207 (a, b) the court shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, whether objection was made at the trial or not, this provision of the Appellate Practice Act must be construed strictly or it will result in an emasculation of the preceding provisions in subsections (a) and (b). It is the view of this court that the error in that frame of reference is not harmful unless a gross miscarriage of justice attributable to it is about to result. Generally, if counsel, who are skilled and trained in the law and who have prepared and tried the case, fail to see the error and enter an exception as provided in subsections (a) and (b), it is not to be regarded as harmful. Instances when the charge will be found ground for reversal under subsection (c) are likely to be very, very rare. We find no basis for holding errors as contended to be harmful here.

■ Pursuant to *Code Ann.* § 38-2108 defendant directed interrogatories to the plaintiff seeking, inter alia, to ascertain "the

names, addresses, telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses known to the plaintiff who (a) arrived or claim they arrived at the scene of the casualty immediately or shortly after its happening, (b) saw or claim they saw all or any part of the casualty complained of in this action, (c) have knowledge of relevant information, facts or circumstances in this case, or [whom] plaintiff intends to have testify or is considering having testify in this case, whether in person or by deposition." The interrogatories were expressly made continuing, requiring that supplemental answers be made if the name of additional witnesses should be learned before trial. Plaintiff's answer to this interrogatory was: "H. G. Nathan, Jesup, Georgia, telephone number unknown, owner of defendant vehicle arrived at the scene about five minutes after it happened."

When the case came on for trial, witnesses Louis Waggner, Rozelle Ivey and Hattie Rogers were called and permitted to testify on behalf of the plaintiff over objection that their names had not been supplied previously under the interrogatory, and error is now enumerated upon the overruling of defendant's objection to their testifying and to the admission of their testimony.

It is provided in *Code Ann.* § 38-2108 that the interrogatories may "relate to any matters which can be inquired into under § 38-2101 (b) and the answers may be used to the same extent as provided in § 38-2101 (d)." Consequently it was permissible to seek the names, addresses, occupations, places of employment, of all witnesses to the occurrence. McKeon v. Local 107 of the International Brotherhood of Teamsters, 28 FRD 592; Butler v. U. S., 226 FSupp. 341.

In response to the objection to permitting the witnesses to testify, counsel for the plaintiff stated that he had not learned of them until the previous week, and took the position that even under the continuing nature of the interrogatories he would have 15 days from the time he learned of them to make supplemental answer and give their names, addresses, etc. It was also pointed out that these witnesses would not testify concerning the collision itself, but only with reference to plaintiff's physical condition.

In making answer to this type of interrogatory if the party to whom it is directed learns of other witnesses to the occurrence after making answer, that information should be promptly supplied by way of a supplemental answer, whether the interrogatories are specifically made continuing or not. "The [party making answer] is bound to give truthful answers to the interrogatories and . . . both good faith and the spirit of the Rule require it to see to it that its answers are truthful as of the time of the trial as well as of the time when the interrogatories are answered." McNally v. Yellow Cab Co., 16 FRD 460. "Conceivably, the existence of or the necessity for calling a particular witness might not become known until after the trial had begun. The court should not in such a case cause injustice to be done by excluding the witness. A continuance might be in order." 4 Moore's Federal Practice 1254 (N. 12). The fifteen days for making answer does not apply to subsequently acquired information that should be given in a supplemental answer; it should be supplied promptly upon obtaining the information. The purpose and spirit of this discovery procedure is to eliminate the element of surprise.

Since the particular interrogatory appears to have been directed to the matter of witnesses to the occurrence, and these witnesses were not as to that, it is doubted that the plaintiff was under any duty to list them, even if it had been known at the time that they would be called as witnesses as to physical condition. Interrogatories should be sufficiently specific to require specific answer, and in making answer the party to whom they are directed is required to go no further than is required in making full answer to the questions asked.

While the names of all witnesses as to the matter to which the interrogatory is addressed must be given, there is no requirement that the names of those who are to be called and sworn as witnesses be singled out. Magelssen v. Local Union No. 518, 32 FRD 464 (1). The interrogatories are addressed to the opposite party—not to counsel. He does not have the responsibility of planning the trial, and can not be ineluctably bound to use all witnesses whose names are given, or precluded from the using of others whose existence may later be discovered. The

reasons are well stated in Fidelis Fisheries, Ltd. v. Thorden, 12 FRD 179. But if all witnesses to the occurrence are listed, inevitably it must include all who are to be called and sworn as witnesses on that matter. Hence, in making answer it is simply required that the names, addresses, etc. of all having knowledge of the occurrence, or knowledge of any other specific matter to which the interrogatory may be directed, be given, and this may be done without designating which of them will be sworn as witnesses. General Motors Corp. v. Cal. Research Corp., 8 FRD 568; U. S. v. Proctor & Gamble Co., 25 FRD 252; Bell v. Swift & Co., 283 F2d 407. See generally, 4 Moore's Federal Practice, § 26.19, p. 1241 et seq.

The testimony of these witnesses was relevant and admissible. But pretermitting the matter of whether the interrogatory was sufficient to include them as witnesses whose names should have been listed in making answer, or by supplemental answer, the proper procedure when they were called to testify was not to object to their testifying or to the admission of their testimony, but to move for a postponement of the trial for a sufficient length of time to enable the defendant to interview them, check the facts to which they would testify, and, if indicated, arrange to secure rebuttal evidence or to impeach them. It would be an abuse of discretion, requiring the grant of a new trial, to refuse the postponement. If this should not come up until the trial was already under way and the court determined that a postponement was impracticable, a mistrial should be declared. Armstrong v. Diamond State Bus Lines, Inc. (Del.) 125 A2d 856. And see Wray M. Scott Co. v. Daigle, 309 F2d 105 (12). Another remedy for failure to answer, refusal to answer or the concealment of information, is a citation for contempt.

■ We cannot say as a matter of law that the verdict was excessive. *Hein v. Morgan,* 112 Ga. App. 535, 539, supra.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*