42724. CALLAWAY v. ATLANTIC & PACIFIC TEA COMPANY.

ARGUED APRIL 5, 1967—DECIDED MAY 2, 1967—REHEARING DENIED MAY 23, 1967—

770

*Alfred D. Fears, Clifford Seay, Harvey J. Kennedy,* for appellant.

*Martin, Snow, Grant & Napier, T. Baldwin Martin,* for appellee.

QUILLIAN, Judge. ■ The first three enumerations of error were equivalent to the general grounds of a motion for new trial. Upon the trial of the case the plaintiff testified in substance to the facts alleged in her petition. The defendant's store manager testified in part that: with the lights that were overhead in the store on the day in question there would be

no shadow on the floor caused by the table; there was more than enough room to run one of the store "buggies through" between the meat counter and the table; that approximately 30 minutes prior to the time the plaintiff fell he had swept the entire area between the meat counter and the table, including the aisle. Another employee of the defendant testified that he observed a child being pushed in one of the buggies eating a banana in that area approximately five minutes before the plaintiff fell.

The above evidence, together with other testimony, was sufficient to present a question for the jury whether the defendant was negligent and whether the plaintiff was in the exercise of ordinary care for her own safety. Enumerations of error 1 through 3 are without merit.

■ Enumerations of error numbers 1A, 10A and 12B insist the trial judge erred in withdrawing, over appellant's objections, four allegations of negligence. The allegations withdrawn were Subparagraphs 1, 2, 9 and 10 of Paragraph 13 of the petition which read: "1. In placing said table in front of said meat counter at said time and place. 2. In placing and stacking bundles of meat on said table at said time and place. . . 9. In failing to move said table to a safe place in the store. 10. In blocking said aisle with said table." The appellee filed special demurrers to each of these allegations. The demurrers were overruled and no exception was taken.

The demurrers to Subparagraphs 1, 2 and 9 were that the facts alleged therein did not constitute acts of negligence. There being no exception to the overruling of the demurrers it became the law of the case and was an adjudication to the effect that the jury would be authorized to find that acts alleged, if supported by evidence, constituted negligence. *Atlanta Post Co. v. McHenry,* 26 Ga. App. 341 (2) (106 SE 324). There was evidence that the acts alleged in these Subparagraphs did occur. In *Kitchens v. Davis,* 96 Ga. App. 30, 34 (99 SE2d 266), it was held that a merchant has the right to place display objects in the aisles if they are in full sight and do not endanger those using the aisle; however, in the case sub judice the law of the case rule must prevail. Therefore, the withdrawal of the allegations from the jury's consideration was error.

While the allegations in Subparagraph 10 also became the law of the case, the evidence disclosed that the table did not block the aisle. The record reveals, as stated in Division 1 of this opinion, that while the table was located in the aisle it did not block the passageway. Therefore, the allegation that the defendant was negligent "in blocking said aisle with said table" was not supported by the evidence and no error was committed in withdrawing it from the jury's consideration.

■ Enumerations numbers 4-A and 9-A contend the court erred in that it failed to give the appellant an opportunity to state objections to a recharge given the jury. In regard to this matter an order which was made a part of the record reads in part: "Thereafter the court recalled the jury and gave the additional charge which is in the record. The jury retired. The court did not recall the attorneys for each side and inquire if there were any exceptions to the charge of the court, but all attorneys participating in the trial were present, and this being the last case for the term, there was nothing to prevent the attorneys from either side from offering any exception to the court's charge. The court along with the attorneys and parties waited in the courtroom for the jury's verdict."

The appellant having shown no reason why counsel were prevented from making objections to the recharge these enumerations of error are without merit.

■ The remaining enumerations of error contend the charge was erroneous for several reasons. These objections to the court's instructions were not made before the jury returned its verdict as required by *Code Ann.* § 70-207 (a) (Section 17 (a) Appellate Practice Act of 1965; Ga. L. 1965, pp. 18, 31, as amended Ga. L. 1966, pp. 493, 498), *Nathan v. Duncan,* 113 Ga. App. 630, 638 (149 SE2d 383), and are not considered.

■ The remaining enumerations of error are without merit. *Judgment reversed. Jordan, P. J., and Deen, J., concur.*