## 42928. MADDOX v. DON PAIR MOTORS, INC.

DEEN, Judge. (a) As opposed to a judgment for plaintiff by the court trying the case without a jury, the enumeration of errors raises only the question of whether a judgment for the defendant was demanded. The plaintiff's car was stopped at an intersection in the southbound inside lane on a city street, signaling and waiting for the opportunity to make a left turn when it was hit from the rear dead center by the

defendant's automobile. The defense was that the automobile had been purchased new three days previously; that the brakes had previously given no indication of improper functioning but that when the defendant saw plaintiff's automobile stop or signal about 100 feet in front of him he applied his brakes and, after catching briefly they ceased to function, that he pumped the brakes and they caught again but not in time to avoid the collision, and that he was not negligent in any particular alleged.

(b) The trior of fact may take certain portions of the testimony of one witness and combine them with certain portions of the testimony of another to reach a given result. *Scott v. Imperial Hotel Co.,* 75 Ga. App. 91 (42 SE2d 179). The court might from the plaintiff's testimony have believed that the initial skid marks laid down by the defendant's automobile were as much as 20 feet in length on the initial grab of the brakes, and another 20 feet in length just before hitting the stationary automobile, and that, if the defendant had not been following too closely, or had not been traveling at an excessive rate of speed under the conditions prevailing he might have stopped in time to avoid the collision. He might also have found that the defendant's failure to use his emergency brake or to ascertain whether he could avoid the plaintiff's stationary vehicle by pulling into the right traffic lane also constituted negligence. While it is true that the plaintiff's petition did not charge negligence in driving too fast, failing to apply the emergency brakes or failing to steer the automobile around the defendant's car, the plaintiff did charge negligence in failing to have the car under proper control and in running into and against plaintiff's vehicle (see *Daugherty v. Pruitt,* 113 Ga. App. 88 (1) (147 SE2d 347)), and proof of facts from which these inferences might be drawn by the jury would go to that issue. The defendant himself testified that when he first applied the brakes he was about 105 feet from the plaintiff's vehicle, that the brakes initially caught and they seemed to hold, that he was then traveling between 25 and 30 miles per hour, that they then failed to hold for 83 feet before they caught again, and that when the brakes first failed he was almost 100 feet from the plaintiff traveling at less than 25 miles per hour. We cannot say as a matter of law that the question of whether the car was under proper control in this emergency situation did not re-

main a jury question, even granting that the evidence demanded a finding that the brake failure was not due to negligence on the part of the defendant. The evidence did not demand a finding of unavoidable accident, and the judgment of the trial court is

*Affirmed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED JUNE 30, 1967—DECIDED SEPTEMBER 5, 1967— REHEARING DENIED OCTOBER 23, 1967.

*Swift, Currie, McGhee & Hiers, Robert S. Harkey,* for appellant.

*Rich, Bass, Kidd & Broome, E. Dale Dewberry,* for appellee.